UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE LEE MILLION,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY HEDGPETH, et al.,<br><br>Defendants. | Case No. 14-cv-04439-KAW<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE UNDER SECTION 1915(G)**<br><br>Re: Dkt. Nos. 2, 3 |

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP") proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and moves pursuant to 28 U.S.C. § 1915(g) for permission to proceed *in forma pauperis* ("IFP"). Doc. nos. 2 and 3. For the reasons discussed below, the Court denies the motions and dismisses the complaint without prejudice to Plaintiff filing a new complaint with the filing fee.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.* (internal quotation and citation omitted).

In his "Motion Requesting to File New Litigation by Vexatious Litigant," Plaintiff states, "I have been determined to be a vexatious litigant and must obtain prior court approval to file any new litigation in which I am not represented by an attorney." Doc. no. 2 at 1. Thus, Plaintiff concedes that he has been held to be a vexatious litigant. Plaintiff's previous strikes have primarily been filed in the Eastern District of California. *See Million v. Walker*, No. C 13-1383 AC P (E.D. Cal. Sept. 12, 2013). In its January 4, 2014 Order, the *Walker* court stated:

> According to the three-strikes national database, of which this court takes judicial notice, plaintiff has been determined to have been foreclosed under § 1915(g) from proceeding in forma pauperis in a prisoner civil rights action since 2002. In *Million v. Vasconcellos*, Case No. 2:03-cv-0054 LKK GGH P (dismissed as barred by § 1915(g)'s three-strikes provision by order filed on September 9, 2003), the following cases were noted as having been, prior to the filing of that action, qualified as strikes:
>
> (1) *Million v. Marshal*, No. 3: 91-cv-03873 JPV (N.D. Cal.)—dismissed as frivolous by order filed on March 23, 1992;
>
> (2) *Million v. Crowell*, No. 1: 99-cv-05972 OWW HGB—dismissed with prejudice for failure to state a claim on March 22, 2002;
>
> (3) *Million v Davis*, No. 1: 00-cv-06117 AWI HGB—dismissed for failure to state a claim by order filed on April 10, 2002;
>
> (4) *Million v. Ortiz*, No. 1: 02-cv-5046 REC DLB—dismissed for failure to state a cognizable claim by order filed on May 29, 2002.

*Walker*, No. C 13-1383, Dkt. No. 9 at 2.

All of these cases qualify as "strikes" under § 1915(g). Furthermore, Plaintiff has filed at least three previous cases in this Court where his requests to file new litigation by a vexatious litigant were denied under § 1915(g). *See Million v. Manuel*, C 14-0205 KAW (PR) (dismissed on June 27, 2014); *Million v. Kostecky*, C 14-2163 KAW (PR) (dismissed on August 21, 2014); and *Million v. Friedman*, C 14-2424 KAW (PR) (dismissed on August 21, 2014). Therefore, unless Plaintiff can meet the "imminent danger of serious physical harm" exception, he will not be able to proceed in this action absent paying the full filing fee at the outset. The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations or at some later time. *Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).* The allegations in the complaint

determine whether the plaintiff is in imminent danger of serious physical injury. *Id.* The plaintiff has the burden of proving he satisfies the exception to § 1915(g) by demonstrating that he is in imminent danger of physical injury. *Levingston v. Locke*, 2013 WL 3474762, *2 (N.D. Cal. Jul. 9, 2013).

Plaintiff's complaint, which names twenty-four defendants, alleges that, in 2010, Defendants were deliberately indifferent to his serious medical needs because: (1) they did not provide him with ginseng tea, ginger root, Siberian root and other herbs, an air purifier and portable steam pocket for his chronic asthma; and (2) they did not provide two diamond teeth and two ruby teeth to replace his four front teeth that were extracted. In his Motion to File a New Complaint by a Vexatious Litigant, Plaintiff argues the Court should allow him to file this complaint because: (1) Defendants were deliberately indifferent to Plaintiff's serious medical needs of chronic asthma and for replacement teeth; (2) the complaint is not being filed to harass or to cause injury; and (3) Plaintiff is exposed to dust particles which intensifies his respiratory problems and his lack of replacement teeth causes him difficulty in eating.

Plaintiff's allegations of events that occurred in 2010 do not show that he was in imminent danger of physical injury at the time he filed this complaint on October 3, 2014. Although the complete failure to treat chronic asthma might create an imminent risk of physical danger, the failure to provide replacement teeth is not the type of condition that would create an imminent risk of physical danger. An attachment to Plaintiff's motion to file new litigation shows that Defendants are treating his asthma with albuterol[1] and fluticasone[2] inhalers. See Dkt. no. 2, Exh. G at 2. Therefore, it is apparent from the allegations in Plaintiff's complaint and the documents he submits that he was not in imminent danger of serious physical injury from the alleged misconduct of Defendants at the time he filed this action on October 3, 2014.

Based on the foregoing, Plaintiff's motions to proceed IFP and to file new litigation by a

---

[1] Albuterol is used to prevent and treat wheezing, shortness of breath, coughing and chest tightness caused by lung diseases such as asthma. www.nim.nih.gov/medlineplus/druginfo/meds/a682145..html#why last visited on Nov. 3, 2014.
[2] Fluticasone nasal spray is used to treat symptoms of seasonal and perennial allergic rhinitis and perennial nonallergic rhinitis. It works by preventing and decreasing inflammation in the nose. www.nim.nih.gov/medline plus/druginfo/meds/a695002.html last visited on Nov. 3, 2014.

3

vexatious litigant are denied. Plaintiff is barred from proceeding IFP in this action.

When IFP status is barred pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1998) (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (when court denies application to proceed IFP on ground that complaint is frivolous, malicious or fails to state a claim, it may thereupon terminate the complaint).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions to proceed IFP and request to file new litigation by vexatious litigant are denied. Dkt. Nos. 2 and 3.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: February 9, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

vexatious litigant are denied. Plaintiff is barred from proceeding IFP in this action.

When IFP status is barred pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1998) (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (when court denies application to proceed IFP on ground that complaint is frivolous, malicious or fails to state a claim, it may thereupon terminate the complaint).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions to proceed IFP and request to file new litigation by vexatious litigant are denied. Dkt. Nos. 2 and 3.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: February 9, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge